UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Michael Brunell Flanigan**, #39165-083 ) | C/A No. **8:08-00941-RBH-BHH** |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | REPORT AND RECOMMENDATION |
| ) | |
| United States; F.B.O.P; ) | |
| Rex Blocker, Physician FCI Edgefield; ) | |
| Richard Kelso, Lieutenant FCI Edgefield; ) | |
| John LaManna, Warden FCI Edgefield; ) | |
| Harley G. Lappin, Director BOP; ) | |
| Hector Lopez, Physician FCI Edgefield, ) | |
| ) | |
| Defendants. ) | |

Michael Brunell Flanigan (Plaintiff), proceeding *pro se*, brings this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1] Plaintiff currently is an inmate at the Federal Correctional Institution in Edgefield, South Carolina, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names the United States; the Federal Bureau of Prisons (B.O.P.); Rex Blocker, a physician at FCI Edgefield; Richard Kelso, a lieutenant at FCI Edgefield; John LaManna, the Warden FCI Edgefield; Harley G. Lappin, the Director of BOP; and Hector Lopez, a physician at FCI Edgefield as the defendants.[2]

---

[1] In *Bivens*, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983. Federal Officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of state law. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-20 & n.30 (1982).

[2] Title 28 U.S.C. § 1915A (a) provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a

In this complaint, Plaintiff complains that a medically necessary cane was taken from him, resulting in falls and injury, and that his requests for sick calls have been ignored. Plaintiff seeks damages. Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review this complaint for relief and submit findings and recommendations to the District Court.

## *Pro Se* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Under

---

complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

§ 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 127 S.Ct. 2197 (2007), holding them to a less stringent standard than those drafted by attorneys, *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

This complaint should be dismissed because Plaintiff has failed to exhaust his administrative remedies. Pursuant to 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act (PLRA), before filing "a civil action with respect to prison conditions," a plaintiff-inmate must first exhaust his administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life,

3

whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); *Booth v. Churner*, 532 U.S.731, 741 (2001) (A prisoner must exhaust "such administrative remedies as are available" before bringing suit based on prison conditions.).

The Federal Bureau of Prisons (BOP) has established an administrative procedure whereby a federal inmate may seek review of complaints relating to his confinement. *See* 28 C.F.R. §§ 542.10- 542.16. After informal attempts to resolve the matter with staff have failed, the inmate must present his claims to the Warden of the Federal Correctional Institution in which he is incarcerated. 28 C.F.R. § 542.13(b). If not satisfied with the Warden's decision, the inmate must appeal that determination to the Regional Director of the Federal Bureau of Prisons, and, if not satisfied with the Regional Director's decision, to the Office of General Counsel. 28 C.F.R. § 542.15. Plaintiff's claim must be addressed through the administrative review system provided by BOP.

"[I]nmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 127 S. Ct. 910, 921 (2007). However, if the failure to exhaust is clear from the allegations in the complaint, failure to exhaust can be a basis for dismissal. *Anderson v. XYZ Correctional Health Servs., Inc.*, 407 F.3d 675, 683 (4th Cir. 2005) ("That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.") Plaintiff admits that he has not exhausted his administrative remedy. The complaint and its attachments reveal that

4

Plaintiff sought informal resolution of his claims in May and November of 2007. (Docket Entry #1, p. 2.) Plaintiff filed a Regional Administrative Remedy Appeal dated January 17, 2008. (Docket Entry #1-2, p. 1.) Plaintiff's Regional Administrative Remedy Appeal was denied February 14, 2008, and Plaintiff was advised that if dissatisfied, he may appeal to the Office of General Counsel within 30 days. (Docket Entry 1-2, p. 2.) Plaintiff does not claim that he his appeal with the Office of General Counsel has been determined. In fact, on the face of the complaint, Plaintiff states that his final determination is pending. (Docket Entry #1, p. 2.) This *Bivens* complaint should be dismissed because the complaint clearly indicates that Plaintiff's administrative remedies are pending.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. See *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **Plaintiff's attention is directed to the important notice on the next page.**

s/Bruce Howe Hendricks
United States Magistrate Judge

April 7, 2008
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).