IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Michael Brunell Flanigan, ) | C.A. No. 8:08-cv-941-RBH-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| United States, *et al.*, ) | |
| ) | |
| Defendants. ) | |

*Pro se* plaintiff Michael Brunell Flanigan ("Plaintiff"), brought this civil action pursuant to 42 U.S.C. § 1983 on March 26, 2008. (Doc. # 1.) Plaintiff also moved for leave to proceed *in forma pauperis*. (Doc. # 2.) This matter was referred to United States Magistrate Judge Bruce Howe Hendricks pursuant to 28 U.S.C. § 636(b) and Civil Rule 73.02(B) (D.S.C.). On April 7, 2008, Magistrate Judge Hendricks granted Plaintiff's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. # 6.) In accordance with this same statute, Magistrate Judge Hendricks reviewed Plaintiff's complaint *sua sponte* under the provisions found in Section (e), and filed a Report and Recommendation (the "Report"). (Doc. # 7.)

This matter now comes before this Court for review of the Report. In the Report, the Magistrate Judge recommends that the District Court dismiss the Plaintiff's claims for failure to exhaust his administrative remedies, as required by 42 U.S.C. § 1997e(a). ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.")

1

On April 17, 2008, the Plaintiff filed objections to the Report (the "Objections"). (Doc. # 8.) Thereafter, the Court reviewed the Report and the Plaintiff's Objections. In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

The Plaintiff's Complaint alleges "disability discrimination" and seeks $10,000,000.00 in damages from the defendants. (Doc. # 1.) Specifically, the Plaintiff alleges that he has an ACL tear in his knee and needs a cane to walk. *Id.* He alleges that he was initially provided a cane by an physician, but it was taken from him by Defendant Richard Kelso. He admits to being seen by other physicians– who he has also named as defendants– who told the Plaintiff that he did not need a cane. *Id.* Plaintiff also names as defendants the prison warden, the Director of the Bureau of Prisons, the United States Federal Bureau of Prisons. *Id.*

For his Report, the Magistrate recommended dismissal for failure to exhaust administrative remedies. (Doc. # 7.) The Magistrate notes, correctly, that while the Plaintiff has provided evidence of an initial claim and an appeal to Regional Director of the Federal Bureau of Prisons, it appears that an appeal to the Office of General Counsel remains outstanding. Therefore, the Magistrate recommended dismissal under 42 U.S.C. § 1983e(a). *Porter v. Nussle*, 534 U.S. 516, 532 (2002)

(holding that exhaustion under § 1997e is mandatory, and applies to "all inmate suits about prison life.")

The Plaintiff filed objections to the Magistrate Judge's recommendations. (Doc. # 8.) Attached to his Objections is a document that he claims is a final denial of his appeal by the National Inmate Appeals Office. *Id.* Since the Plaintiff now asserts that he has exhausted his administrative remedies–evidence not before the Magistrate while making her recommendation– this Court orders remand to the Magistrate for further determination of the Plaintiff's case. *See Anderson v. XYZ Correctional Health Servs., Inc*, 407 F.3d 674 (4th Cir. 2005) (holding that *sua sponte* dismissal for failure to exhaust administrative remedies is proper, provided the plaintiff has an opportunity to respond.)

Therefore, in light of the standard set forth in *Wallace*, the Court has conducted a *de novo* review of the Report and Recommendation, and the Plaintiff's Objections, and orders **REMAND** to the Magistrate for further determination.

**IT IS SO ORDERED**.

                                                      S/R. Bryan Harwell
                                                     United States District Judge

July 24, 2009
Florence, South Carolina