UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Michael Brunell Flanigan, #39165-083, | ) | C/A No. 8:08-00941-RBH-BHH |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| United States; F.B.O.P; Rex Blocker, Physician FCI Edgefield; Richard Kelso, Lieutenant FCI Edgefield; John LaManna, Warden FCI Edgefield; Harley G. Lappin, Director BOP; Hector Lopez, Physician FCI Edgefield, | ) | |
| Defendants. | ) | |

Michael Brunell Flanigan (Plaintiff), proceeding *pro se*, filed this civil action (Docket Entry # 1) on March 26, 2008, alleging federal claims that occurred while he was an inmate at the Federal Correctional Institution in Edgefield, South Carolina. On April 7, 2008, the undersigned issued a Report (Docket Entry # 7) recommending the dismissal of Plaintiff's case for failure to exhaust his claim because Plaintiff had indicated on the face of his complaint that his final appeal of his administrative remedies was pending at the time of filing this case. On April 17, 2008, Plaintiff filed an objection (Docket Entry # 8) to the Report, and on May 30, 2008, additional documents filed by Plaintiff were added as attachments to that objection. In his objection, Plaintiff provided a document that he claims is a final denial of his appeal by the National Inmate Appeals Office. (Docket Entry # 8-4.) By order (Docket Entry # 12) dated July 24, 2009, the District Judge assigned in this case remanded the case to the undersigned for further determination in light of Plaintiff's assertion in his objection that he has now exhausted his administrative remedies.

Discussion

Pursuant to 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act (PLRA), before filing "a civil action with respect to prison conditions," a plaintiff-inmate must first exhaust his administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); *Booth v. Churner*, 532 U.S.731, 741 (2001) (A prisoner must exhaust "such administrative remedies as are available" before bringing suit based on prison conditions.). Also, it appears that exhausting administrative remedies after a complaint is filed will not save a case from dismissal. *See Cannon v. Washington*, 418 F.3d 714 (7th Cir. 2005); *Neal v. Goord*, 267 F.3d 116, 121-22 (2d Cir.2001) *overruled on other grounds* (collecting cases); *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir.1999).

In *Neal v. Goord*, 267 F.3d at 123, the Court stated that allowing prisoner suits to proceed, so long as the inmate eventually fulfills the exhaustion requirement would undermine Congress' directive to pursue administrative remedies prior to filing a complaint in federal court. And, if during the pendency of a suit, the administrative process were to produce results favorable to the plaintiff, the federal court would have wasted judicial resources adjudicating claims that could have been resolved within the administrative process. *Id.* In *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir.1999), the Court stated: "The plain language of the statute [§ 1997e(a) ] makes exhaustion a precondition to filing an action in federal Court. . . . The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit." Thus, the PLRA requires that available administrative remedies must be exhausted before filing a suit in Federal Court.

Because a plaintiff must first exhaust administrative remedies before bringing a civil action with respect to prison conditions, this case should be dismissed. Plaintiff filed this case on March 26, 2008, and the evidence of exhaustion of his administrative remedies that he submitted to this Court in the form of the final denial of Plaintiff's appeal, by the National Inmate Appeals Office, is dated May 8, 2008. Therefore, this case should be dismissed for failure to exhaust administrative remedies prior to filing this case.

Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice*[*] and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **Plaintiff's attention is directed to the important notice on the next page.**

                                                  s/Bruce Howe Hendricks
                                                  United States Magistrate Judge

August 24, 2009
Greenville, South Carolina

---

[*] When the Court dismisses a case without prejudice, a "plaintiff may refile the same suit on the same claim." Black's Law Dictionary 482 (7th ed.1999).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).